IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| NINA CALDERON,<br><br>                Plaintiff,<br><br>     vs.<br><br>ALDI Inc.,<br><br>                Defendant. | 8:23CV406<br><br>FINDINGS AND<br>RECOMMENDATION |

This matter is before the Court on the Motion to Remand (Filing No. 9) filed by Plaintiff, Nina Calderon, and the Motion to Remain in Federal Court (Filing No. 12) filed by Defendant, Aldi Inc. Plaintiff moves to remand this case to state court because Defendant failed to establish the amount in controversy exceeds $75,000. For the following reasons, the undersigned magistrate judge will recommend that Plaintiff's motion be granted, and this case be remanded to the District Court of Douglas County, Nebraska.

## BACKGROUND

Plaintiff filed a Complaint against Defendant in the District Court of Douglas County, Nebraska, on August 4, 2023, seeking damages for injuries she sustained on August 10, 2019, when she slipped and fell on liquid located on the floor near the checkout area of an Aldi grocery store located at 885 S. 72nd Street in Omaha, Nebraska. Plaintiff alleges that as a result of this slip and fall she "sustained bodily injuries," causing her to suffer past and future physical and mental pain, and "medical expenses in an amount to be determined," including future medical expenses. Plaintiff's prayer for relief requests "general and special damages, interest thereon at the highest rate, court costs and such other further relief as is justified." Plaintiff's Complaint does not state any specific amounts of damages. (Filing No. 1-2).

Defendant was served with the Complaint on August 14, 2023. On August 28, 2023, counsel for Defendant emailed Plaintiff's counsel to ask, "if you would be open to stipulating that the damages in this matter are valued at less than $75,000[?]" (Filing No. 13-4). Plaintiff's counsel

did not respond to that email.[1] On September 13, 2023, Defendant removed the case to this court, invoking this court's diversity jurisdiction under 28 U.S.C. § 1332. (Filing No. 1). Defendant asserts complete diversity exists between the parties because Plaintiff is a citizen of Nebraska, and Defendant is a citizen of Kansas and Illinois.[2] Defendant's Notice of Removal acknowledges it lacks "[s]pecific data regarding the extent of Plaintiff's injuries," but asserts the amount in controversy "can be reasonably assumed to be at least $75,000.01" because "Plaintiff's Counsel refused to stipulate that damages in this matter are below $75,000." (Filing No. 1 at p. 4).

Plaintiff has now moved to remand the case, arguing Defendant failed to meet its burden to prove the amount in controversy exceeds the jurisdictional minimum of $75,000. Specifically, Plaintiff contends her Complaint does not state a specific amount of damages, as "she is still under medical care," and Defendant's assertion the amount in controversy exceeds $75,000 is "purely speculative." (Filing No. 9 at p. 4; Filing No. 15 at p. 1). Plaintiff seeks an award of attorney's fees for filing the instant motion to remand due to the improper removal. (Filing No. 9 at pp. 4-5).

In response to Plaintiff's motion to remand, Defendant filed a "motion to remain in federal court." (Filing No. 12). Defendant asserts that Plaintiff's counsel's refusal to stipulate her damages do not exceed $75,000, combined with the fact that Plaintiff was still undergoing medical treatment when she filed her complaint, are adequate to demonstrate it is legally possible for the amount in controversy to exceed $75,000. (Filing No. 12 at pp. 1-2).

## ANALYSIS

Defendants sued in state court have a "right to remove the suit to federal district court if the civil action is one 'of which the district courts . . . have original jurisdiction.'" *Holbein v. TAW Enterprises, Inc.*, 983 F.3d 1049, 1053 (8th Cir. 2020) (quoting 28 U.S.C. § 1441(a)). "A defendant's removal of a case to federal court is appropriate 'only if the action originally could

---

[1] Defendant represents in a footnote in its brief in support of its motion to remain in federal court that "Plaintiff's counsel refused to stipulate to damages via telephone conference" but does not specify when that telephone conference took place or what damages stipulation was discussed during the telephone conference. (Filing No 13 at p. 2 fn. 1).

[2] Plaintiff named Aldi Inc., as the defendant in this matter. Aldi Inc., is an Illinois Corporation with its principal place of business in Illinois. (Filing No. 1 at ¶ 8). However, Defendant asserts Aldi Inc. (Kansas) is the proper party to this action. Aldi Inc. (Kansas) is a Kansas Corporation with its principal place of business in Illinois. (*Id.* at ¶¶ 10-11).

have been filed there.'" *Junk v. Terminix Int'l Co.*, 628 F.3d 439, 444 (8th Cir. 2010) (quoting *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 619 (8th Cir. 2010)). Defendant removed this case solely invoking the court's diversity jurisdiction. "Under 28 U.S.C. § 1332(a), district courts have original diversity jurisdiction over civil actions when the matter in controversy exceeds $75,000, without considering interest and costs, and when the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan v. Schneider Nat'l Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001) (citing *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996)).

Here, there is no dispute that complete diversity exists between the parties, as Plaintiff is a citizen of Nebraska, and Defendant is a citizen of Kansas and Illinois. (Filing No. 1 at ¶ 11). Instead, Plaintiff argues Defendant has not met its burden to show the amount in controversy exceeds $75,000.

The removing party "has the burden to prove the requisite [jurisdictional] amount by a preponderance of the evidence." *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009). To carry that burden the removing party must show, by a preponderance of the evidence, an arguable basis on which the fact finder "might legally conclude" that the amount in controversy exceeds $75,000. *Gurrola v. Tyson Fresh Meats, Inc.*, 2014 WL 25594, at *2 (D. Neb. Jan. 2, 2014) (citing *Bell*, 557 F.3d at 956); see also *Hargis v. Access Capital Funding, LLC*, 674 F.3d 783, 789 (8th Cir. 2012) ("Under the preponderance standard, the jurisdictional fact . . . is not whether the damages are greater than the requisite amount, but whether a fact finder might legally conclude that they are[.]") (citation omitted). Where a plaintiff does not "allege a specific amount in controversy" in the complaint, "the amount in controversy depends upon the value of the relief [the plaintiff] seeks." *Clark v. Matthews Int'l Corp.*, 639 F.3d 391, 396 (8th Cir. 2011) (citing *Usery v. Anadarko Petroleum Corp.*, 606 F.3d 1017, 1018 (8th Cir. 2010)). "[A]ll doubts about federal jurisdiction must be resolved in favor of remand." *Moore v. Kan. City Pub. Sch.*, 828 F.3d 687, 691 (8th Cir. 2016) (quoting *Cent. Iowa Power Co-op. v. Midwest Indep. Transmission Sys. Operator, Inc.*, 561 F.3d 904, at 911-912 (8th Cir. 2009)).

As the removing party, Defendant has the burden to prove by a preponderance of the evidence that a fact finder might legally conclude the value of the relief Plaintiff seeks exceeds the jurisdictional minimum. But, after review, the undersigned magistrate judge finds Defendant has failed to carry its burden. Although Plaintiff did not allege a specific amount in controversy in her complaint, Defendant asserts the value of Plaintiff's claim can be reasonably assumed to be greater

than $75,000 because Plaintiff admits she is still receiving treatment for her injuries and Plaintiff's counsel refused to stipulate that damages in the matter are valued less than $75,000. (Filing No. 13 at p. 4). While these facts are relevant to determine the amount in controversy, standing alone they are insufficient to establish by the preponderance of the evidence that the amount in controversy exceeds $75,000. See, e.g., *Usery v. Anadarko Petroleum Corp.*, 606 F.3d 1017, 1020 (8th Cir. 2010) (reversing with instructions to remand to state court after concluding the defendant failed to carry its burden to show by the preponderance of evidence the amount in controversy exceeded $75,000, despite submitting two affidavits from experts opining aspects of the natural gas rights at issue exceeded six figures).

Defendant first asserts Plaintiff's allegation that she is still receiving treatment and expects to incur future medical expenses four years after the slip and fall indicates the value of her claim exceeds $75,000. The Court does not disagree that the ongoing nature of Plaintiff's medical care is relevant to the determination of the amount in controversy, but absent any other information about the nature and extent of Plaintiff's injuries, or the type or nature of her ongoing medical care, Defendant's argument is too speculative to establish the value of Plaintiff's claim. See *Poole v. Ikea U.S. W., Inc.*, No. 4:18CV00446 AGF, 2018 WL 2193650 (E.D. Mo. May 14, 2018) ("[T]he defendant must present 'some specific facts or evidence.' Engaging in speculation or presumptions about the amount in controversy is insufficient to demonstrate satisfaction of the required amount.") (citations omitted). Here, neither the Complaint nor any evidence before the Court establishes the nature or extent of Plaintiff's injuries; Plaintiff simply alleges she sustained "bodily injuries" in a slip and fall at a grocery store. Nor did Plaintiff did allege what kind of medical treatment she received in the past or expects to receive in the future, and did not allege any specific cost for her medical care to date. Defendant has not provided the Court with any evidence of the same, and even acknowledges in its Notice of Removal it lacks "[s]pecific data regarding the extent of Plaintiff's injuries." Plaintiff has alleged a single claim for negligence arising out of her slip and fall in a grocery store. Plaintiff could have sustained a minor bodily injury requiring modest treatment, such as anti-inflammatory medication or physical therapy, or Plaintiff could have broken bones requiring surgical interventions. The Court simply has inadequate information to determine what type of injury and damages are at issue. Without any particularized facts, evidence, or documentary support regarding Plaintiff's injuries and expenses, the Court would merely be speculating that the value of Plaintiff's claim exceeds $75,000.

Defendant also points to Plaintiff's counsel's refusal to stipulate that Plaintiff's damages were less than $75,000. "Courts have held that an irrevocable stipulation as to the amount in controversy is sufficient to establish the jurisdictional amount." *Allied Prop. & Cas., Ins. Co. v. Stevens*, No. 4:15-CV-00426-SRB, 2015 WL 12791430, at *3 (W.D. Mo. Sept. 18, 2015). However, "[a] plaintiff's refusal to stipulate that the amount in controversy is less than $75,000 is some evidence that the jurisdictional threshold has been met, … but it is not dispositive." *Eisenhauer v. Dollar Gen. Corp.*, No. 4:13CV3181, 2014 WL 422643 (D. Neb. Feb. 4, 2014); see also *Turpin v. State Farm Mut. Auto. Ins. Co.*, No. 11-4111-CV-W-FJG, 2011 WL 2562076, at *3 (W.D. Mo. June 28, 2011) ("[Plaintiff's] refusal [to stipulate] creates uncertainty, not preponderance of evidence."). Here, Plaintiff's counsel's refusal to stipulate damages are below $75,000 is some evidence that the jurisdictional threshold has been met, but it is not dispositive. But without any other information regarding the nature and extent of Plaintiff's injuries and costs of medical care, Plaintiff's counsel's failure to stipulate alone is insufficient for Defendant to prove by the preponderance of evidence that the jurisdictional minimum is satisfied. See, e.g., *Benson. v. Sunbeam Prod., Inc.*, No. 4:20-CV-561-JAR, 2020 WL 3447731, at *3 (E.D. Mo. June 24, 2020) (concluding plaintiff's counsel's failure to stipulate to damages "does create uncertainty as to whether the amount in controversy is met," but nevertheless finding the defendant did not show by the preponderance of the evidence that the jurisdictional amount was exceeded because the plaintiff did not allege a specific amount of damages in her complaint, and the defendant offered no "particularized facts and evidence" regarding the value of damages for the plaintiff's "serious burns" sustained in a products liability case).

Additionally, the circumstances surrounding Plaintiff's counsel's failure to stipulate are somewhat unclear. Plaintiff's counsel did not respond to Defense counsel's August 28, 2023, email asking "if you would be open to stipulating that the damages in this matter are valued at less than $75,000[?]" Defendant's brief states in a footnote, "Ultimately, Plaintiff's counsel refused to stipulate to damages via telephone conference," but this statement is 1) silent on the amount of damages Plaintiff's counsel did not stipulate to and the date this conversation took place, and 2) is a factual assertion not stated in the pleadings and was not properly offered as evidence before the court. See NECivR. 7.1(a)(2)(A) ("A factual assertion in the motion and the supporting brief must cite to the pertinent page of the pleading, affidavit, deposition, discovery material, or other evidence on which the moving party relies."). Absent other facts or evidence regarding Plaintiff's

damages and injuries from a slip and fall, it would be too speculative for the Court to assume the amount in controversy exceeds the jurisdictional minimum based on Plaintiff's counsel's failure to stipulate to Plaintiff's damages.

In sum, Plaintiff's complaint is silent on the amount of damages she seeks, and given the limited information the Court has regarding the nature and extent of Plaintiff's slip and fall injuries and the speculative nature of Defendant's arguments regarding the amount in controversy, the undersigned magistrate judge finds Defendant has failed to establish by the preponderance of evidence that the amount in controversy exceeds $75,000. Particularly considering that "all doubts about federal jurisdiction must be resolved in favor of remand," the undersigned magistrate judge finds Plaintiff's motion to remand should be granted.

Plaintiff asks for an award of attorney's fees incurred as a result of the improper removal. "Absent unusual circumstances, courts may award attorneys' fees under [28 U.S.C.] § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Here, the undersigned magistrate judge cannot say that Defendant lacked an objectively reasonable basis for seeking removal. Although the undersigned magistrate judge finds Defendant did not meet its burden to establish the amount in controversy exceeds $75,000 in this particular case, Defendant did offer some relevant, albeit insufficient, evidence and arguments indicating removal was proper. Therefore, Defendant's position was not unreasonable on the facts in its possession at the time of removal. As such, the undersigned magistrate judge will recommend denying Plaintiff's request for attorney's fees and costs. Upon consideration,

**IT IS HEREBY RECOMMENDED** to the Honorable Robert F. Rossiter, Jr., Chief United States District Court Judge, that:

1. Plaintiff's Motion to Remand (Filing No. 9) be granted, in part, and this case be remanded to the District Court of Douglas County, Nebraska, but denied as to Plaintiff's request for an award of attorney's fees and costs under 28 U.S.C. § 1447(c); and

2. Defendant's Motion to Remain in Federal Court (Filing No. 12) be denied.

Dated this 30th day of October, 2023.

- 7 -

BY THE COURT:

s/ Michael D. Nelson
United States Magistrate Judge

## ADMONITION

A party may object to a magistrate judge's findings and recommendation by filing an objection within fourteen (14) days after being served with a copy of the findings and recommendation. NECivR 72.2. Failure to timely object may constitute a waiver of any objection.