IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| NINA CALDERON, | |
| Plaintiff, | 8:23CV406 |
| v. | |
| ALDI, INC., | MEMORANDUM AND ORDER |
| Defendant. | |

In this case, plaintiff Nina Calderon ("Calderon") alleges defendant Aldi, Inc. ("Aldi") is liable for injuries she suffered during a slip and fall at one of Aldi's stores in Omaha, Nebraska. She sued Aldi in the District Court of Douglas County, Nebraska ("state court"). On September 13, 2023, Aldi removed the case to this Court (Filing No. 1), asserting the Court had removal jurisdiction over the matter based on diversity of citizenship. *See* 28 U.S.C. §§ 1332(a)(1), 1441, and 1446. An answer (Filing No. 2) followed the same day.

Before the Court are Calderon's Motion to Remand (Filing No. 9) and Aldi's reciprocal (and superfluous) Motion to Remain in Federal Court (Filing No. 12). Calderon contends remand is required because Aldi has not established that the amount in controversy exceeds $75,000 as required by § 1332(a). Aldi responds that Calderon "has refused to stipulate that her damages do not exceed $75,000," and "[t]here exists no legal impossibility that the amount in controversy in this matter exceeds" that amount.

On October 30, 2023, the magistrate judge[1] issued a Findings and Recommendation (Filing No. 16) recommending the Court (1) grant Calderon's motion for remand but deny

---

[1] The Honorable Michael D. Nelson, United States Magistrate Judge for the District of Nebraska.

her related request for attorney fees and (2) deny Aldi's motion outright.[2] The magistrate judge determined Aldi had failed "to establish by a preponderance of the evidence that the amount in controversy exceeds $75,000." *See In re Bus. Men's Assur. Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993) (per curiam) ("As the party seeking removal and opposing remand, [the defendant] had the burden of establishing federal subject matter jurisdiction.").

The amount in controversy is not the only potential problem with the removal of this case. As noted above, Calderon sued "Aldi, Inc." in state court. In its notice of removal, Aldi stated that the case was removed—pursuant to 28 U.S.C. §§ 1332, 1441, and 1446—by "Defendant Aldi, Inc. (Kansas) (incorrectly identified in the Complaint as 'Aldi, Inc.')." Aldi further attached as exhibits Secretary of State records for each company showing them as distinct legal entities.

From that point, Aldi has largely represented that the Kansas entity is the proper defendant. The answer is purportedly filed by "Defendant Aldi, Inc. (Kansas) (incorrectly identified in the Complaint as 'Aldi, Inc.')." It also states—as an affirmative defense—that "Plaintiff's Complaint names an improper entity who should not be party to this suit. Aldi, Inc. is not the proper entity name for the Aldi entity described in Plaintiff's Complaint. That entity is Aldi, Inc. (Kansas)."

But from what the Court can tell, Aldi has not formally moved the state court or this Court to change the named defendant or to otherwise correct the record to reflect what

---

[2]Under 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b), the Court may designate a magistrate judge to hear a dispositive pretrial matter and submit to the Court "proposed findings of fact and recommendations for the disposition" of the matter. "Although the Eighth Circuit has not ruled on the question, every circuit court to have decided the issue has concluded that a motion to remand should be treated as a dispositive matter in which only the Article III judge may enter an order." *Cmty. Dev., Inc. v. Sarpy County*, No. 8:16-CV-135, 2016 WL 3747545, at *1 (D. Neb. July 11, 2016) (citing *Davidson v. GeorgiaPac., L.L.C.*, 819 F.3d 758, 763-65 (5th Cir. 2016)). This Court follows that practice here.

it says should be the proper defendant. Nothing in the record indicates "Aldi, Inc. (Kansas)" moved to intervene in state court or join as a defendant before purportedly trying to remove the case to federal court. To confuse matters even more, in its corporate-disclosure statement (Filing No. 10) filed on October 4, 2023, just one day after Calderon moved for remand, Aldi unequivocally refers to an Illinois Aldi entity as the defendant.

This is not a simple misnomer. *See Roberts v. Michaels*, 219 F.3d 775, 777 (8th Cir. 2000) (discussing traditional misnomer principles). Everything the Court has received to this point indicates there are two separate Aldi entities in play, not just one improperly named entity. That presents a problem for Aldi. *See In re Bus. Men's Assur. Co. of Am.*, 992 F.2d at 183 (requiring district courts "to resolve all doubts about federal jurisdiction in favor of remand").

Though "Aldi, Inc. (Kansas)" purports to be the entity that removed this case from state court and is ostensibly calling the shots in federal court, it was not the named defendant at the time the notice of removal was filed, nor is it now, for that matter. *See Pullman Co. v. Jenkins*, 305 U.S. 534, 537-38 (1939) (explaining "the right to remove" is generally determined based on "the plaintiffs' pleading at the time of the petition for removal"); *Crosby v. Paul Hardeman, Inc.*, 414 F.2d 1, 3 (8th Cir. 1969) ("The right of removal is statutory and the party seeking removal must show that he comes within the provisions of the statute.").

Under § 1441(a), a case filed in state court can be removed to federal court only by "the defendant or the defendants." *See also Home Depot U. S. A., Inc. v. Jackson*, 587 U.S. ___, ___, 139 S. Ct. 1743, 1746 (2019) (explaining that in the removal context "the term 'defendant' refers only to the party sued by the original plaintiff"). Many courts have held that "[a] non-party, even one that claims to be the proper party in interest, is not a defendant and accordingly lacks the authority to remove a case." *Valencia v. Allstate Texas Lloyd's*, 976 F.3d 593, 595 (5th Cir. 2020) (per curiam) (citing *FDIC v. Loyd*, 955 F.2d 316, 326 (5th Cir. 1992) ("Common sense and the practicalities of pleading dictate that no non-party

3

to a state court proceeding has a mature right to remove that proceeding to federal court.")); *accord Sharma v. HSI Asset Loan Obligation Tr. 2007-1 by Deutsche Bank Nat'l Tr. Co.*, 23 F.4th 1167, 1170-71 (9th Cir. 2022) ("If Congress meant to allow a 'real party defendant in interest' to remove an action on behalf of a named defendant, it could have written the statute that way."). To the extent "Aldi, Inc. (Kansas)" removed this case, removal was improper. *See Sharma*, 23 F.4th at 1170 (concluding § 1441(a) required remand because the plain meaning of the statutory language did not permit "mistakenly omitted parties, wrongly excluded parties, or any other type of non-defendant to remove an action to federal court"); *Andersen v. Khanna*, 827 F. Supp. 2d 970, 974 (S.D. Iowa 2011) ("A non-party to a state court proceeding has no right to remove that proceeding to federal court.").

In any event, though it initially opposed remand, Aldi—whichever one—did not object to the magistrate judge's Findings and Recommendation that this case should be remanded to state court. Calderon likewise did not object to the recommended denial of her request for attorney fees. The time for them to object has now passed. *See* 28 U.S.C. § 636(b)(1) (allowing fourteen days to object); Fed. R. Civ. P. 72(b)(2) (same).

Although the Court generally reviews de novo any specific objections to a findings and recommendation, *see* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2)-(3), the parties' failure to object "eliminates not only the need for de novo review, but *any* review by the district court." *Leonard v. Dorsey & Whitney LLP*, 553 F.3d 609, 619-20 (8th Cir. 2009) (applying *Peretz v. United States*, 501 U.S. 923, 939 (1991), and *Thomas v. Arn*, 474 U.S. 140, 150 (1985)); *see also* NECivR 72.2 ("Failure to object to a finding of fact in a magistrate judge's recommendation may be construed as a waiver of the right to object to the district judge's order adopting the recommendation of the finding of fact.").

In light of the foregoing,

IT IS ORDERED:

4

1. The magistrate judge's Findings and Recommendation (Filing No. 16) is accepted. Any objections of the parties are deemed waived.
2. Plaintiff Nina Calderon's Motion to Remand (Filing No. 9) is granted in part and denied in part.
3. Defendant Aldi, Inc.'s Motion to Remain in Federal Court (Filing No. 12) is denied.
4. This case is remanded to the District Court of Douglas County, Nebraska.

Dated this 27th day of November 2023.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge